OPINION OF THE COURT
Anne G. Feldman, J.
This opinion is an amplification of an oral ruling issued from the Bench prior to trial.
*904 Defendant is accused of intentionally killing three people and attempting to kill a fourth during a robbery at a social club. The District Attorney is seeking the death penalty.
Defendant moves in limine to preclude testimony at the guilt phase of the trial from family members of the deceased. Defendant claims first that their testimony is irrelevant; secondly, that because their testimony would constitute victim impact statements it would be inadmissible; and thirdly, that any evidence these family members might offer could be established by stipulation. The motion is denied.
Contrary to defendant’s position, evidence not required to prove an element of the crime charged may nevertheless be relevant and admissible. “Evidence is relevant if it has any tendency in reason to prove the existence of any material fact” (People v Scarola, 71 NY2d 769, 777; People v Lewis, 69 NY2d 321, 325). Generally, “all relevant evidence is admissible unless its admission violates some exclusionary rule” (People v Scarola, supra, at 777; People v Alvino, 71 NY2d 233, 242).
In any homicide trial, testimony concerning the identity of the deceased is relevant to show that the “person” killed was once alive (Penal Law § 125.05 [1]). “[I]t is immaterial that the People could establish a prima facie case without the disputed evidence. They were not bound to stop after presenting minimum evidence but could go on and present all the admissible evidence available to them” (People v Alvino, supra, at 245).
More specifically, in this case testimony by victims’ family members will also be relevant to establish the relationship of the victims to one another and to the social club where they were murdered. Testimony by victim Davis’ mother about the number of children Davis had and about her close friendship with Newbry Mitchell, an eyewitness to the crime, would be relevant both to corroborate Mitchell’s testimony that Davis begged defendant to spare her life for the sake of her five children and to refute defendant’s statement that Mitchell was the instigator and prime perpetrator of the crime.
Defendant argues that identification testimony by family members in a capital case is inadmissible victim impact evidence. He argues it will inevitably lead to prejudicial emotional outbursts and to extraneous evidence about the victims calculated to arouse sympathy in the jurors.
The court rejects this argument as purely speculative. Defendant presumes misconduct on the part of the prosecutor and art abdication by the court of its responsibility to guard against *905 improper courtroom behavior and inadmissible evidence. Moreover, as proffered by the prosecution, the nature of the family members’ testimony will constitute relevant evidence.
The court also rejects defendant’s argument that the testimony at issue is unnecessary because a stipulation establishing the identities of the deceased would be a less prejudicial alternative.
The decision to accept a defense-offered stipulation lies wholly within the prosecution’s discretion (see, People v Hills, 140 AD2d 71). A court-ordered stipulation “ ‘ “might have the effect to rob [sic] the evidence of much of its fair and legitimate weight” ’ * * * improperly interfering with the prosecutor’s trial strategy [or] * * * ‘usurp the role of counsel’ ” (supra, at 81).
Defendant’s reliance on Old Chief v United States (519 US 172) is unpersuasive. Old Chief stands as a narrow exception to “the accepted rule that the prosecution is entitled to prove its case free from any defendant’s option to stipulate the evidence away” (supra, at 189). At issue there was proof of the defendant’s prior felony convictions. In holding that proving them by stipulation would be the better alternative the Court noted “the point at issue is a defendant’s legal status, dependent on some judgment rendered wholly independently of the concrete events of later criminal behavior” (supra, at 190).
The nature of the testimony at issue here is significantly different. It bears directly upon the crime for which defendant is on trial. “[T]he prosecution may fairly seek to place its evidence before the jurors, as much to tell a story of guiltiness as to support an inference of guilt, to convince the jurors that a guilty verdict would be morally reasonable as much as to point to the discrete elements of a defendant’s legal fault.” (Old Chief v United States, supra, at 188.) The Court recognized that: “The use of witnesses to describe a train of events naturally related can raise the prospect of learning about every ingredient of that natural sequence the same way. If suddenly the prosecution presents some occurrence in the series differently, as by announcing a stipulation or admission, the effect may be like saying, ‘never mind what’s behind the door,’ and jurors may well wonder what they are being kept from knowing. A party seemingly responsible for cloaking something has reason for apprehension, and the prosecution with its burden of proof may prudently demur at a defense request to interrupt the flow of evidence telling the story in the usual way.” (Supra, at 189.)
*906 Accordingly, the proposed testimony is not irrelevant or unfairly prejudicial. For the foregoing reasons defendant’s motion is denied.